CITATION
THE STATE OF TEXAS

CAUSE NO. 21-0701

STYLED: CRISTA MITCHELL, CRISTA MITCHELL IANF MICHAEL MITCHELL, AND CRISTA MITCHELL IANF BRYAN MITCHELL VS. LESSER TX, INC. AND ALAN CONSTANTINE COUPLAND

TO: LESSER TX, INC., UPON WHOM PROCESS MAY BE HAD BY SERVING THEIR REGISTERED AGENT: THOMAS M. VAN NOSTRAND, 6985 COUNTY ROAD 326, PALMYRA, MO 36461

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

Attached is a copy of the **PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR TEMPORARY RESTRAINING ORDER**, which was filed by the **PLAINTIFF**, in the above styled and numbered cause on the **25TH DAY OF MARCH, 2021**, in the 428th District Court of Hays County, San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 26th day of March, 2021.

REQUESTED BY:
Robert Rodery
Law Offices of Thomas J Henry
5711 University Heights Blvd
Suite 101
San Antonio TX 78249
361-985-0600

BEVERLY CRUMLEY
Hays County District Clerk
Hays County Government Center
712 S. Stagecoach Trail, Ste. 2211
San Marcos, Texas 78666

By: *Charlotte Ladd*
Charlotte Ladd, Deputy

**OFFICER'S RETURN**

Came to hand on the ___ day of _____ 20___ at _____ o'clock ___M and executed the ___ day of _____ 20___ by delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto on ____ day of _____ 20___ at _____ o'clock ___M at _____ in _____ County, Texas.

[ ] Not executed. The diligence used in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

Service Fee:$ _____

Sworn to and subscribed before me this the ____ day of _____.

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY: *Patricia Beilsmith*
Patricia Beilsmith
Printed Name of Server

_____ County, Texas

NOTARY PUBLIC, THE STATE OF TEXAS

DEFENDANT'S COPY

**EXHIBIT 1**

FILED
3/25/2021 9:02 AM
Beverly Crumley
District Clerk
Hays County, Texas

CAUSE NO. 21-0701 _____

| | | |
|---|---|---|
| CRISTA MITCHELL, | § | IN THE DISTRICT COURT OF |
| CRISTA MITCHELL IANF | § | |
| MICHAEL MITCHELL, AND | § | |
| CRISTA MITCHELL IANF | § | |
| BRYAN MITCHELL | § | |
| | § | HAYS COUNTY, TEXAS |
| VS. | § | |
| | § | |
| LEESER TX INC. | § | |
| AND | § | |
| ALAN CONSTANTINE COUPLAND | § | ____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
APPLICATION FOR TEMPORARY RESTRAINING ORDER**

TO THE HONORABLE JUDGE:

NOW COMES CRISTA MITCHELL, CRISTA MITCHELL IANF MICHAEL MITCHELL, AND CRISTA MITCHELL IANF BRYAN MITCHELL, hereinafter referred to by name or as "Plaintiff", and complains of **Leeser TX Inc. and Alan Constantine Coupland**, and for cause of action would respectfully show unto the Court as follows:

**I.**

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends that discovery be conducted under LEVEL 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

**II.**

**PARTIES**

2. Plaintiff Crista Mitchell is an individual who resides in Bowie County, Texas.

**EXHIBIT 1**

3. Defendant Alan Constantine Coupland is an individual residing in Monroe County, Missouri, who may be served with process at his residence 404 Winter St., Monroe City, Missouri 63456.

4. Defendant Leeser TX Inc. is a foreign for-profit corporation at all times doing business in the venue and jurisdiction of this court, who may be served by serving its registered agent Thomas M. Van Nostrand, 6985 County Road 326, Palmyra, Missouri 36461.

### III.

### JURISDICTION AND VENUE

5. This Court has jurisdiction of the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, the Court has jurisdiction over the parties because Defendants are either residents of Texas or do business in Texas.

6. Venue is proper in Travis County pursuant to 15.002(a)(1) of the Texas Civil Practices and Remedies Code because this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### IV.

### FACTS

7. On or about December 4, 2019, Plaintiff Crista Mitchell was operating a white 2015 Chevrolet Malibu and was in the left lane of I-35 in San Marcos, Texas, when Defendant, Alan Constantine Coupland, driving white 2018 Freightliner, suddenly and without warning crossed a solid white line changed lanes from the center lane to the left lane. This action caused a multiple vehicle collision whereby Plaintiff was rear ended by another vehicle. Defendant Coupland was employed by the Leeser TX Inc. and driving a truck owned by Leeser TX Inc. As a result of the

EXHIBIT 1

collision, Officer Paul Stephens of the San Marcos Police Department investigated the crash and determined that Defendant Alan Constantine Coupland failed to drive in a single lane.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT ALAN CONSTANTINE COUPLAND

### A. NEGLIGENCE

8.  The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of the Plaintiff were proximately caused by the negligent conduct of the Defendant Alan Constantine Coupland, who operated the vehicle he was driving in a negligent manner by violating the duty he owed to the Plaintiff to exercise ordinary care in the operation of his motor tractor-trailer in one or more of the following respects:

   a. failing to keep a proper lookout or such lookout which a person of ordinary prudence would have maintained under the same or similar circumstances;

   b. failing to do a proper visual search;

   c. failing to control the space around his vehicle, specifically failure to control space to the rear and sides and for space traffic gaps; and

   d. failing drive in a single lane;

   e. improper lane change;

   f. failing to drive defensively to avoid collision;

   g. failing to exercise ordinary care in operating a commercial motor vehicle;

   h. operating a commercial motor vehicle in willful or wanton disregard for the safety and/or property, including Plaintiff, in violation of Texas Transportation Code §545.401.

**EXHIBIT 1**

9.  Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence *per se* which proximately caused the collision and injuries and other losses as specifically set forth herein.

### B. NEGLIGENCE PER SE

10. Further, pursuant to the Negligence *Per Se* doctrine, Defendant failed to abide by the mandatory standard of care in violation of Texas Transportation Code §545.060 Driving on Roadway Laned for Traffic.

(a) An operator on a roadway divided into two or more clearly marked lanes for traffic:
   (1) shall drive as nearly as practical entirely within a single lane; and
   (2) may not move from the lane unless that movement can be made safely.

11. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

### C. GROSS NEGLIGENCE

12. Defendant Alan Constantine Coupland's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant Alan Constantine Coupland outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendant Alan Constantine Coupland's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

EXHIBIT 1

13. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VI.
## CAUSES OF ACTION AGAINST LEESER TX, INC.

### A. *Respondeat Superior*

14. Leeser TX, Inc., Defendant, is responsible to Plaintiff in damages for each and every negligent act and/or omission of Alan Constantine Coupland under the doctrine of *respondeat superior*, and/or the doctrine of borrowed servant, and/or agency as those terms are understood in law because Alan Constantine Coupland was operating a vehicle in the course and scope of his employment with Leeser TX, Inc.

### B. *Negligence*

15. Leeser TX, Inc. was also negligent in one or more of the following respects:

   a. negligent hiring;

   b. negligent entrustment;

   c. negligent training;

   d. negligent supervision;

   e. negligent retention;

   f. negligent entrustment of the Defendant Leeser TX Inc.'s truck to Alan Constantine Coupland;

   g. failure to implement adequate safety programs for the procension of collisions by Leeser TX Inc's employees in violation of motor carrier fleet industry standards; and

   h. failure to have adequate safety program in place to ensure that an effective, ongoing monitoring and training of its drivers.

**EXHIBIT 1**

### C. GROSS NEGLIGENCE

16. Leeser TX, Inc.'s negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Leeser TX, Inc. outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Leeser TX, Inc.'s conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Leeser TX, Inc. had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

17. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VII.
## DAMAGES

18. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of his injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

19. As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention in the past and may incur medical expenses in the future to treat her injuries.

20. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

**EXHIBIT 1**

21. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief over One Million And 00/100 Dollars ($1,000,000.00) and a demands judgment for all the other relief to which he is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VIII.
### INTEREST

22. Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## IX.
### DEMAND FOR JURY TRIAL

23. Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## X.
### NOTICE OF SELF-AUTHENTICATION

24. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
### DESIGNATED E-SERVICE EMAIL ADDRESS

25. The following is the undersigned attorney's designated E-Service email address for all e-

**EXHIBIT 1**

served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: rrodery-svc@thomasjhenrylaw.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

### APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

**COMES NOW**, Plaintiff, Crista Mitchell, before this Honorable Court and files a motion for temporary injunction and in connection therewith, presents a motion for a temporary restraining order together with his original petition for injunction and affidavit supporting the motion presented.

### I.

Plaintiff requests a temporary restraining order and temporary injunction that unless Defendants are immediately deterred from taking any action that might alter, damage or destroy evidence, they will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury, to wit: Defendants' repair, removal, destruction, disposal, inspection or testing of the evidence involved herein may destroy or severely alter the condition of the evidence and prevent Plaintiff from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that the Court order that Defendants and any and all other individuals their agents, servants, employees or anyone having knowledge of this order are hereby commanded forthwith to desist and refrain from taking any action that might alter, damage or destroy, in any way:

1. any and all of the remains of the vehicle and trailer, including tires, the engine electronic control module (ECM), tachograph, and any ancillary devices involved in the incident

**EXHIBIT 1**

which occurred on May 12, 2020, or in any way from moving, repairing, testing, or altering such vehicle and its contents without notice to and consent of Plaintiff;

2. All driver logs and records of duty status for the two years preceding the date of the incident;

3. All data relating to the electronic control module (ECM), black box, any onboard computer or other engine computer for the truck involved in the incident for the day of the incident and the two years preceding the incident;

4. The actual electronic control module, black box, onboard computer, or other engine computer containing the data referred to in the preceding paragraph;

5. All computerized tracking information, including GPS and radar records for the driver and/or the vehicle, including satellite tracking, driver messaging, dispatcher's sheets, registers, and other records pertaining to movement of the tractor or trailer involved in the incident for the two (2) year period prior to the incident;

6. any and all communication devices such as, but not limited to, cell phones and Qualcomm messaging systems, which were in possession of the driver and company personnel involved in the incident, including calls, text messages, SMS, MMS, emails, and any other uses of the communication devices;

7. All data and video event recording technology data and records (such as SmartDrive or any other similar event recording system).

Plaintiff further moves this Honorable Court to order that Defendants be cited to appear and show cause and that upon such hearing a temporary injunction be issued enjoining such Defendants, their agents, their servants, and employees or anyone acting in concert therewith from taking any such action or from taking any action that might alter, damage or destroy in any way, the vehicle involved in the December 4, 2019 incident or any other evidence involved in this incident or from removing, repairing or testing said evidence without notice to and consent of Plaintiff, and that Defendants allow Plaintiff or his representatives to inspect, photographs and videotape the vehicle involved in the incident made the basis of this injunction, and that Defendant provide Plaintiff an inventory of such evidentiary matters not in their possession, and for such other relief and may be proper and just at equity and at law.

**EXHIBIT 1**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court enter its Temporary Restraining Order and, upon hearing, Temporary Injunction, that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against the Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage-earning capacity;
13. Property damage;
14. Loss of use;
15. Pre-judgment interest;
16. Post-judgment interest; and
17. Exemplary damages.

EXHIBIT 1

Respectfully submitted,

**LAW OFFICES OF THOMAS J. HENRY, PLLC**
5711 University Heights Boulevard, Suite 101
San Antonio, TX 78249
Phone: (361) 985-0600
Fax: (877) 513-1359


*/S/Robert Rodery*
Robert Rodery
State Bar No. 24091107
rrodery-svc@thomasjhenrylaw.com
Service by e-mail to this address only

**ATTORNEY FOR PLAINTIFF**

**EXHIBIT 1**